UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN LAFLOWER,

    Plaintiff,

vs.                            Case No. 2:11-cv-636-FtM-99SPC

MICHAEL KINARD; SHAUN OPPE,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendant Kinard's Motion to Dismiss (Doc. #36, Motion). Plaintiff filed a response (Doc. #44, Response) in opposition.[1] This matter is ripe for review.

**I.**

Defendant moves for dismissal under 28 U.S.C. § 1915(g). See generally Motion. Defendant submits that Plaintiff qualifies as a "three striker" and points to the following cases in support of his position: Case No. 6:02-cv-726-GKS-KRS (Middle District of Florida, Orlando Division); Case No. 1:03-cv-119-JHM (Western District of Kentucky); and, 2:10-cv-82-FtM-29SPC (Middle District of Florida, Ft Myers Division). Motion at 2-3. Defendant also attaches as an exhibit an order of dismissal in case number 3:12-cv-616-HES-MCR, entered on June 20, 2012, noting that the above listed cases were

---

[1] Plaintiff also improperly filed a Reply (Doc. #46) without seeking leave from the Court. See Local Rule 3.01(c)(M.D. Fla. 1999). Consequently, the Court will strike Plaintiff's Reply.

cited as grounds to support a dismissal under § 1915(g). Defendant further points out that the Eleventh Circuit recently denied Plaintiff leave to appeal in case number 3:12-cv-616 pursuant to § 1915(g). See Doc. #45. In Response, Plaintiff argues that the dismissal in case number 3:12-cv-616-HES-MCR cannot be counted as a strike against him because it was entered <u>after</u> he filed the instant action. Response at 2-3. Plaintiff then addresses each of the other identified cases and argues that the Court should not count these dismissals as strikes because they were dismissed without prejudice. <u>Id.</u> at 4-6.

## II.

The Prison Litigation Reform Act, which governs this action, contains the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." <u>Smith v. Fla. Dep't of Corr.</u>, Case No. 08-14236, 2010 WL 774305 *3 (11th Cir. March 9, 2010)(quoting <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002)).

The Court takes judicial notice of the following cases Plaintiff filed in the United States District Courts that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Case No. 6:02-cv-726-GKS-KRS dismissed as frivolous and in excess of the statute of limitations; Case No. 1:03-cv-119-JHM dismissed for failure to state a claim; and, Case No. 2:10-cv-82-FtM-29SPC dismissed for failure to state a claim.

The Court is not persuaded by Plaintiff's argument that these cases should not count as strikes because they were dismissed without prejudice. Response at 5-6. Section 1915(g) only requires that the case counting as a strike be dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The statute does not require that the dismissal be with prejudice in order to count as a strike. The Court agrees that Case No. 3:12-cv-616 does not count as a strike against Plaintiff for purposes of this order because the dismissal was entered _after_ Plaintiff filed this action. Nonetheless, Plaintiff has three qualifying strikes.

Because Plaintiff has had three or more prior dismissals and the Complaint does not allege that Plaintiff is under imminent danger of serious physical injury, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint on the approved form

and paying the full $350.00 filing fee <u>at the time he files the action</u>.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Kinard's Motion to Dismiss (Doc. #36) is **GRANTED**. The order granting Plaintiff's motion for leave to proceed in forma pauperis (Doc. #9) is vacated. This action is dismissed pursuant to § 1915(g).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Orlando, Florida, on this _____ day of April, 2013.

                                    G. KENDALL SHARP
                                    SENIOR UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record